No. 17,150.

CHICAGO & SOUTHEASTERN RAILWAY COMPANY

*v.* ST. CLAIR.

144  371
146  268
147  180

ASSIGNMENT OF ERRORS.—*When too General and Uncertain.*—*Receiver.*—An assignment of error on appeal from an order appointing a receiver, that "such order was granted contrary to statute," is too general and uncertain for consideration.

SAME.—*When too General.*—*Receiver.*—An assignment of error on appeal from an order appointing a receiver, that "such order is irregular and erroneous," is too general for consideration.

RECEIVER.—*Appointment by Judge While Holding Court in Another County.*—A judge of the circuit court, who is holding a session in one of the counties in his circuit, may make an order appointing a receiver in an action brought in another county, under section 1236, R. S. 1894, providing that receivers may be appointed by the court or the judge thereof "in vacation."

SAME.—*Appointment After Rendition of Decree.*—A receiver may be appointed after the rendition of a decree, where occurrences arise which threaten the effectiveness of such decree.

From the Tipton Circuit Court.

*H. Crawford* and *W. R. Crawford*, for appellant.

*L. F. Limbert* and *Shirts & Kilbourne*, for appellee.

HACKNEY, C. J.—On the 2d day of November, 1893, the appellee, Henry St. Clair, filed in the office of the clerk of the Tipton Circuit Court his verified petition, entitled "*Henry St. Clair v. Chicago & Southeastern Railway Co.,*" in which petition it was prayed that a receiver might be appointed to take charge of, to operate, receive the income from and maintain the possession, until otherwise ordered, of the railway and equipment of the Chicago & Southeastern Railway Company. Said petition alleged that "on the 26th day of

May, 1893," the petitioner "recovered judgment in this action against the said defendant in the sum of $7,693.17 and the foreclosure of a lien therefor upon the railroad property of the defendant, situate in the county of Hamilton, and State of Indiana, the said sum being amounts due for taxes heretofore levied and assessed against and upon the said railroad property. That in said decree it was further adjudged that said defendant should pay the sum of money within ninety days from the date thereof, and that in default thereof, the plaintiff should be entitled to his legal and equitable right and process for the collection of the same in any manner authorized by law or equity, and to proceed to collect the same in such manner as may be ordered or directed by any court of general jurisdiction having jurisdiction over such matter. And the plaintiff now shows to the court that the said sum of $7,693.17, together with the costs of said action are still due and remain wholly unpaid, no part thereof having in any manner been paid or satisfied by said railroad companies, or either of them, since the rendition of said decree. And the plaintiff further avers that the defendant, the Chicago & Southeastern Railroad Company, is a corporation owning and, until the times hereinafter mentioned, has been operating a line of railroad known as the Chicago & Southeastern Railroad, extending from the City of Anderson, in Madison county, Indiana, westwardly through said county of Madison and through the counties of Hamilton, Boone, Montgomery, and into the county of Parke, all in the State of Indiana, the said line of railroad so passing through the county of Hamilton, being the identical portion thereof for which lien for taxes was in this cause decreed in favor of the plaintiff." The petition then proceeds to allege the existence of certain mortgage liens, judg-

ments and claims for unpaid employes' services against said appellant's line of railway; that the appellant was insolvent; that the operation of the railway had been tied up by mechanics, laborers and creditors for several days; that the value of the line and rolling stock was $5,000.00 per mile, and that the earnings of the road for the six months prior had been appropriated by the officers of the company, leaving claims unpaid. The theory of the petition was that the proceeding for the appointment of a receiver was incident to and a part of an action to establish a lien for taxes paid by St. Clair, though it alleges the prior recovery, in such action, of a judgment for $7,693.17, and a decree foreclosing a lien therefor against this appellant's railway in Hamilton county, Indiana. The transcript brings into this court the proceedings had in an action by St. Clair against the Midland Railway Company, this appellant and numerous others, wherein he sought by complaint and, on the 26th day of May, 1893, obtained a judgment against the Midland Railway Company for $7,693.17, together with a declared lien upon the railway of said company, within Hamilton county, Indiana, prior to all claims of this appellant and all others, defendants in said action. Said action, it appears, was instituted in the Hamilton Circuit Court to enforce a lien for taxes accrued in Hamilton county against the Midland railway within Hamilton county. The venue of said action was changed to the Tipton Circuit Court and judgment and decree followed, as we have shown.

The petition for a receiver was heard, and a receiver appointed for the entire railway and equipment, consisting of a line of railway extending through several counties in this State, including Hamilton county, but not including either of the counties of Tipton and Howard. The appointment was made on the

13th day of November, 1893, and in vacation of the
Tipton Circuit Court, and by the judge of said court,
in chambers, during the term of the Howard Circuit
Court, and at the city of Kokomo, in said county of
Howard, the said counties of Tipton and Howard then
forming one circuit over which said judge presided.
The transcript brings also, into this court, a copy of a
writ of supersedeas issued by this court on the 11th
day of November, 1893, in the appeal of the Midland
Railway Company, and the Chicago & Southeastern
Railway from the judgment and decree, in said orig-
inal action, to this court.

The errors assigned in this court, in the present
case, are:

1.   That the order appointing the receiver is void
because the judge had no jurisdiction over the person
or property of appellant.

2.   That such order is irregular and erroneous.

3.   That no suit was pending in said Tipton Circuit
Court against appellant when said order was granted.

4.   That such order was granted contrary to the
statute.

The second and fourth assignments are each too
general, indefinite and uncertain to suggest error.
The third assignment suggests a mixed question of
law and fact, and is not predicated upon any ruling,
pleading or evidence in the case.   It has been seen
that the transcript contains the proceedings had in
the original cause, but we have not held that such
proceedings are a part of the record.   They do not
appear in the transcript as evidence, nor as exhibits
to or parts of any pleading, and are not made parts
of the record by bill of exceptions or order of court.
They are recited in the transcript apparently as steps
preliminary to the action appointing a receiver.   The
appellant is responsible for the record as it comes to

us, and, if we are to indulge presumptions as to its object in bringing these recitals into the transcript, the presumption must be that it was to exhibit the case auxiliary to which the receiver was appointed. These proceedings do not disclose an appeal from the judgment in that case. To establish that fact we are referred to a copy of a supersedeas writ recited by the clerk as a part of his transcript, and which is not shown to have come into the record as evidence, by bill of exceptions or order of court. The record in this case discloses no appeal bond in the original case. These are the facts from which we must judge, if we may consider them, as to whether a case was pending in the lower court at the time of the appointment of the receiver. The question of law involved in this inquiry arises upon the construction and effect of the decree in the original cause, which decree comes to us, as we have shown, by the recital of the proceedings in the original cause. The only knowledge, brought to us by the record, of the hearing of the petition for the receiver, is through the recitals of the order of the judge making the appointment. By said order the proceeding is treated as a part of the original cause; it finds notice to the appellant of the application and discloses the fact that evidence was adduced upon the hearing. It is further disclosed that there were applications, not only by the plaintiff, but by "intervening petitions," and that there was a hearing upon the petition of each. No intervening petitions and no evidence is brought into the record. In considering the third assignment of error, we think it is apparent that the record does not disclose any question of law made available thereby. Assignments of error should present only questions of law. R. S. 1894, section 667.

The first assignment of error: that "the judge had

no jurisdiction over the person or property of the appellant," remains for consideration alone. It is first insisted that, sitting in chambers in Howard county, the judge of the Tipton Circuit Court, who was, *ex officio*, judge of the Howard Circuit Court then in session, exceeded his territorial jurisdiction in passing upon the application. By R. S. 1894, section 1236, it is expressly provided that receivers "may be appointed by the court, or the judge thereof, in vacation." This is a provision that receivers may be appointed "at chambers," that is to say, "out of court." By Art. 7, section 9, of the State Constitution, and section 1364, R. S. 1894, judges are elected by the voters of their respective circuits, are required to reside within their circuits, and are known as the judges of their circuits. One object in requiring the residence within the circuit over whose courts the judge presides, was to enable those having business within the circuit to find the judge without going to some remote corner of the State to transact such business. Business of the character requiring speedy action, such as the granting of restraining orders, appointing receivers, etc., was contemplated by the requirements as to residence. A proper regard for the business of the court of one county in a circuit would deny any rule which would require the judge, probably in the midst of a trial of great importance, to drop his engagement and hasten to another county of his circuit to pass upon an application for an emergency writ or order. Nor was it contemplated, when our judicial system was framed, that proceedings, often of such emergency as to demand immediate action, should lie over until the judge of the circuit might find it convenient and safe to the business in hand to go to another county specially or in the regular course of his terms of court. Hearings in chambers, we conclude,

therefore, were designed to be held in any county of the circuit over whose courts the judge may preside. A question similar to this was so decided in *Cincinnati, etc., R. R. Co.* v. *Sloan,* 31 Ohio St. 1.

It is further contended, against the jurisdiction of the circuit judge, first, that no action to which the petition could become ancillary was pending, the original cause having been finally disposed of and judgment rendered, and, secondly, that an appeal from the original judgment to this court had been perfected, the supersedeas writ having the effect to stay all further proceedings in that case.   Disregarding the doubt already suggested as to the condition of the record to disclose the facts involved in these objections and regarding, for the purposes of this question, that what has been called the original action was pending on appeal from a final judgment of the Tipton Circuit Court at the time of the petition for a receiver, we think the question put at rest by the former decisions of this court.   In *Connelly* v. *Dickson,* 76 Ind. 440, the points as to appointments of receivers after final decree was squarely made, and this court, speaking by Woods, J., said: "It is perhaps of rare occurrence that courts are called upon to appoint a receiver after final decree in a cause, but that such appointments may be made is well settled; and this may be done notwithstanding the original bill did not pray a receiver, since the appointment in such case is made because of occurrences subsequent to the decree." See authorities there cited. In *Brinkman* v. *Ritzinger, Admx.,* 82 Ind. 358, a receiver had been appointed, not only after the final decree, but after an appeal, and this court said: "He may be appointed after the decree, while the decree remains in force, whether such relief was prayed for in the complaint or not," citing authorities.  And it was there further said: "That suit,

having been appealed to the Supreme Court, may be regarded as yet pending for the purpose of an application for a receiver of the rents and profits, and we think the court that rendered the decree appealed from was the proper court to hear and determine such application; whether the application be made by motion or petition, or in the form of a complaint, is, under our practice, immaterial in such a case." The office of a receiver is, manifestly, to aid, by the preservation of property, in making effective the court's decree. It has always been regarded as an auxiliary or ancillary proceeding, and rarely, if ever, as an independent proceeding. If occurrences arise after decree which threaten the effectiveness of the decree, why should not the power exist to then make the appointment? In the present case, when the venue was changed to Tipton county, the parties impliedly, as well as by necessary operation of law, submitted to the jurisdiction of that court all incidental personal and property rights. Of course, we do not suggest that as to person or property the incidental right to the appointment of a receiver without notice was carried into the Tipton Circuit Court. But by force of the change of venue any decree or judgment as to property or person becomes binding as to property as well as to the person, the same as if rendered in the county in which the suit originated. So with reference to any incidental right. The appointment of a receiver, where the petition and proof disclose sufficient facts, is a right incidental to the original suit and is binding alike upon person and property, as the original decree. Here the record discloses notice of the petition. The sufficiency of the petition is not made a question by assignment of error, and we venture no opinion thereon. The questions of insolvency, the character of the railway with reference to its admitting of a receivership

for that part of the line within Hamilton county alone without interference with public rights, and questions of like character do not involve the jurisdictional objection to the action of the judge of the Tipton Circuit Court, but go rather to the propriety of action than to the power to act.

We conclude, therefore, that no available error is disclosed by the record, and the order of the circuit judge is affirmed.

Filed November 26, 1895; petition for rehearing overruled March 26, 1896.