## ACME BEDFORD STONE COMPANY
## *v.* McPHETRIDGE.

[No. 4,948.    Filed March 14, 1905.]

1. MASTER AND SERVANT.—*Negligence.—Factory Act.*—The master is liable for the negligence of his superintendent, to whose orders the plaintiff employe was bound to conform, and did so.    p. 81.

2. PLEADING.—*Tort.—Joint Defendants.—One Taking Advantage of Error Against the Other.*—One joint defendant can not take advantage of an error in overruling a demurrer to a complaint against both defendants, when the complaint is sufficient as to such complaining defendant.    p. 81.

3. SAME.—*Complaint.—Injury to Servant.—Common Law.—Safe Place.*—In an action by the servant against his master for failure to provide a safe place wherein to work, it is necessary at common law to allege that such master knew of the defect and that the servant did not know thereof, and these must be shown affirmatively, and an averment of the servant's "belief" of no defect is not equivalent to an averment of want of notice of such defect.    p. 83.

4. APPEAL AND ERROR.—*Exceptions.—Joint or Several.*—Where defendants jointly and separately demur to the plaintiff's first and second paragraphs of complaint and such demurrer is overruled, "to each of which rulings of the court the defendants at the time except," such exception is several.    p. 83.

From Monroe Circuit Court; *David J. Hefron,* Special Judge.

Action by Frank McPhetridge against the Acme Bedford Stone Company and another. From a judgment for plaintiff, defendant Stone company appeals. *Reversed.*

*William H. Martin* and *Ira C. Batman,* for appellant.
*J. E. Henley,* for appellee.

ROBY, J.—Appellee began this action against appellant and one John Rawle. The amended complaint on which the case was tried was in two paragraphs. Demurrers to each of them were overruled, and an answer in general denial filed. A verdict for $5,500 was rendered against both defendants. Motions for judgment on the interroga-

tories and answers thereto notwithstanding the general verdict were overruled. The motion of defendant Rawle for a new trial was sustained. Appellant's motion for a new trial was overruled, and judgment rendered against it upon the general verdict, from which judgment this appeal is taken.

Action of the court in overruling appellant's demurrers to each paragraph of complaint is assigned as error.

Appellee's counsel in his brief makes the following statement: "Each paragraph of complaint states a good cause of action—the first under the employers' liability act of 1893, and the second under the common law."

The substantial averments in the first paragraph are: That the defendant on June 18, 1901, owned and operated in Monroe county a stone-quarry and mill, including an elevated tramway with cars, the tramway being 200 feet long, 50 feet wide and 25 feet high, upon which an appliance called a "traveler" was operated, its use being to lift and move blocks of stone at different points; that defendant employed a large number of servants in the business, including appellee, who was a millwright and machinist, his duty being to construct and repair the machinery and appliances; that William Roberts was employed by defendant as superintendent of said plant, and had full charge and management thereof, with power to give orders and compel obedience thereto; that appellee was subject to his order, was bound to and did conform thereto; that he was ordered by said superintendent to go upon said tramway and make certain repairs, namely, replace worn brake-blocks, said superintendent also ordering that all machines and appliances connected therewith be stopped and not used while said repairs were being made; that the traveler was stopped, and, while so standing, appellee, in obedience to said orders, went upon said tramway, in a careful manner, to make said repairs; that while thereon, in obedience to said order, said superintendent, by his orders, carelessly and negligently started said traveler in operation; that said tramway and

traveler were only sufficient to lift and carry a weight of 20,000 pounds; that the traveler was then and there negligently attached to a stone of the weight of 45,000 pounds, which stone, in obedience to the orders of said superintendent, was carelessly lifted from its position, its entire weight put upon said tramway and traveler, rendering the position occupied by appellee exceedingly dangerous; that said tramway immediately broke and gave way in all its parts, and the entire structure fell to the ground, a distance of thirty-five feet, carrying appellee with it; that the place where appellee was sent was a dangerous place when said traveler was in use, but not dangerous when not in operation; that appellee, knowing that the traveler had stopped as aforesaid, and without any knowledge that it would be started while he was upon said tramway, and believing that it would be left standing until repaired, went upon said tramway in obedience to said orders, and while then and there in the exercise of care and diligence, with no knowledge or means of knowledge thereof, said traveler was put in operation by the negligence and order of said superintendent, and negligently overloaded as aforesaid, and then and there broke and fell with appellee, whereby, etc.

1. The pleading shows that appellee was injured through the negligence of a person in the service of appellant corporation, to whose order he was at the time bound to, and did, conform. §7083 Burns 1901, Subd. 2, Acts 1893, p. 294, §1; *Indianapolis Gas Co.* v. *Shumack* (1899), 23 Ind. App. 87; *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633. The criticisms of appellant's counsel are justified by some of the language used by the pleader, but we do not think that they are applicable to the substance of the pleading.

2. This conclusion applies only to the appellant, shown by averment to be a corporation operating in this State, but it can not take advantage of error in overruling the de-

murrer of the defendant Rawle, to whom §7083, *supra,* does not apply. *Marsh* v. *Morris* (1893), 133 Ind. 548; *Wiley* v. *Coovert* (1891), 127 Ind. 559; Ewbank's Manual, §257. The presence of superfluous defendants does not prevent a plaintiff from obtaining such relief as he is entitled to against a proper defendant. *Jussen* v. *Board, etc.* (1884), 95 Ind. 567-571.

The second paragraph of amended complaint contains the same substantial averments of conditions as does the first, including the giving by the superintendent of the order to repair, and its observance by appellee. It is then averred: That said tramway and traveler had been negligently constructed, in that (1) a defective truss-rod was used by appellant in the construction of said tramway, which was thereby weakened and made unsafe; (2) that said entire tramway and traveler were made of timbers old, weak and insufficient for such purpose; (3) that said tramway and traveler were only sufficient to lift a stone of 20,000 pounds, all of which was well known to the defendants; (4) that appellee, at the time he was ordered to go upon said tramway, was working on the extension thereof, away from all machinery and appliances in and about said plant, and in a safe place, and that he was not accustomed to work upon said tramway while said traveler was in use; (5) that the place where he was thus sent was a dangerous place when said traveler was in use, all of which was well known to the defendants; that appellee, believing that said traveler and attachment thereto would be allowed to stand without use until the repairs should be made, went upon said tramway, in a careful manner, to make such repairs; that while thereon the defendant, without his knowledge and without warning to him, connected said traveler to a stone weighing 45,000 pounds, and lifted the same; "that by said carelessness and negligence of the defendant in so constructing said tramway and traveler, and in overloading the same by lift-

ing said large and heavy stone, said tramway and traveler broke and gave way and fell to the ground," whereby, etc.

3. Where a recovery is sought for the master's neglected duty with reference to a safe place to work, knowledge of the defect by the master, and want of knowledge thereof by the servant, must be affirmatively shown by the complaint. These propositions are so thoroughly established that the citation of authorities to sustain them may be excused. *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153; *New Kentucky Coal Co.* v. *Albani* (1895), 12 Ind. App. 497. The averment of appellee's belief is not equivalent to an averment that he was without notice of the fact. *Ohio Valley Coffin Co.* v. *Goble* (1902), 28 Ind. App. 362; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85. Appellant's demurrer to the second paragraph of complaint should have been sustained.

4. The appellee makes the point that the sufficiency of a single paragraph of the complaint can not be considered, there having been but one exception taken to the rulings upon the demurrers. The demurrer, the ruling thereon and the exception thereto were as follows: "The defendants jointly and severally demur to each the first and second paragraphs of the amended complaint herein separately and severally, and, for ground of demurrer, say that neither paragraph of said complaint states facts sufficient to constitute a cause of action against the defendants or either of them," "and which demurrers are each by the court overruled, and to each of which rulings of the court the defendants at the time except, and the defendants now file their answer, which is in the words and figures following, to wit." The motion for a new trial by the defendant Rawle having been sustained, he does not join in the appeal or assignment of error. The exception, in terms, is to each ruling of the court, and the point, therefore, is not well taken. Other questions discussed will not likely arise upon a retrial, and are not, therefore, further referred to.

The judgment is reversed, and the cause remanded, with instructions to sustain appellant's demurrer to the second paragraph of amended complaint.