Polk v. Johnson—167 Ind. 548.

---

## POLK v. JOHNSON, RECEIVER.

[No. 20,896.   Filed October 3, 1906.   Rehearing denied December 20, 1906.]

1. APPEAL AND ERROR.—*Jurisdiction.*—A motion to dismiss an appeal for want of jurisdiction requires the initial consideration of the court.   p. 551.

2. SAME. — *Parties.* — *Receivers.* — *Owners.*—The owner, from whose possession his property is taken by a receiver duly appointed by the court, has a right of appeal from an order making an allowance from the proceeds of such property for the services of such receiver.   p. 551.

3. SAME.—*Parties.*—*Vacation Appeal.*—*Dismissal.*—A vacation appeal from an allowance made by the court to a receiver for his services, taken by the former owner of the property involved in such receivership, will be dismissed where the receiver was not made a party thereto.   p. 551.

4. **APPEAL AND ERROR.** — *Time for Taking.* — *Judgment.* — *New Trial.*—Where final judgment was rendered April 1, and a new trial was denied May 17, appellant has one year from the latter date within which to perfect his appeal.  p. 552.

5. **SAME.**—*Parties.*—*Substitution of, after Period for Appeal has Elapsed.*—Necessary parties to a vacation appeal, omitted from the notices of appeal and from the assignment of errors, cannot, with or without their consent, be substituted after the year for perfecting the appeal has elapsed, since there is a want of jurisdiction.  p. 552.

From Johnson Circuit Court; *Vinson Carter,* Special Judge.

Claim for services by Grafton Johnson, as the receiver of the property of James T. Polk, against which James T. Polk excepts.  From an allowance of $9,500, the exceptor appeals.  Appealed from Appellate Court under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10.  *Appeal dismissed.*

*L. Ert Slack, L. J. Hackney, Charles F. Coffin* and *Wilson & Townley,* for appellant.

*Miller, Shirley & Miller, R. M. Miller, H. C. Barnett* and *E. A. McAlpin,* for appellee.

MONTGOMERY, J.—Appellee filed his resignation and report as receiver of appellant's property, in which he asked an allowance of $20,000 for services, to which appellant excepted.  A part of the exception was stricken out on appellee's motion, for which error the judgment was reversed by this court.  *Polk* v. *Johnson* (1903), 160 Ind. 292.  Appellee's resignation was accepted, and the Central Trust Company appointed and qualified as his successor, and upon the return of the cause to the court below appellee replied to appellant's exception by general denial and by affirmative allegations.  Appellant's demurrers to the affirmative paragraphs of reply were overruled.  A trial upon the issues so formed resulted in the following judgment: "And the court, having duly considered the evidence in the case, does now find that the exception filed by

said James T. Polk to the amended final report of Grafton Johnson, receiver, heretofore filed in the case, contesting an allowance for compensation in the amount of $20,000, asked for by said Johnson in said report, as to the sum of $10,500, part and parcel of said $20,000, said exception ought to be and the same is hereby sustained, but that as to $9,500, the remaining part and parcel of said claim, said exception is overruled; and the court doth further find that compensation to the amount of $9,500 ought to be and the same is hereby allowed to said Grafton Johnson for his services in said receivership, in addition to what has heretofore been allowed; and it is further ordered, adjudged, and decreed by the court that said Grafton Johnson be, and he is hereby, allowed the sum of $9,500 as additional compensation in full for services rendered in said receivership, and the present receiver, the Central Trust Company of Indianapolis, Indiana, be, and it is hereby, ordered and directed to pay said sum of $9,500 to said Grafton Johnson as such compensation, taking his receipt in full therefor. And it is further ordered that the costs of the proceedings upon the exception to said report be paid out of the funds of the trust."

Appellant prosecuted an appeal from this judgment to the Appellate Court, which court overruled appellee's motion to dismiss the appeal and affirmed the judgment. A further appeal to this court has been taken, and it is urged that the circuit court erred in overruling appellant's demurrers to the affirmative paragraphs of reply, and in overruling his motion for a new trial.

Appellee has properly presented his motion to dismiss the appeal, and insists that the same should be sustained, for the reasons (1) that appellant is not the real party in interest, and (2) because there is a defect of parties, in that the Central Trust Company, the receiver against whom the judgment was entered, has not been joined as a party.

The motion. to dismiss challenges our jurisdiction, and demands primary consideration. A term-time appeal was prayed but not perfected, and this is a vacation appeal in which no effort has been made to join the Central Trust Company as a party.

We are of opinion that appellant is shown by the record to have such an interest in the subject-matter in litigation and in the final judgment as entitled him to prosecute a proper appeal, and that the first ground of appellee's motion cannot be sustained. *Brooks* v. *Doxey* (1880), 72 Ind. 327. The judgment from which this appeal was taken was rendered against the Central Trust Company as receiver. The receiver represents the interests of creditors as well as those of the embarrassed debtor, and an orderly administration of his trust requires such receiver to be a party to every proceeding affecting the estate in his custody. The right of appeal is wholly statutory, and our statutes authorizing appeals require all persons named in and affected by a judgment from which a vacation appeal is taken to be made parties. The Central Trust Company, as receiver, was a necessary party to this appeal, and failure to join it is ground of dismissal. *Moore* v. *Ferguson* (1904), 163 Ind. 395; *Christ* v. *Wayne, etc., Assn.* (1898), 151 Ind. 245; *Stults* v. *Gibler* (1897), 146 Ind. 501; *Roach* v. *Baker* (1896), 145 Ind. 330; *Shuman* v. *Collis* (1896), 144 Ind. 333; *Lee* v. *Mozingo* (1896), 143 Ind. 667, and cases cited.

The appeal is accordingly dismissed.

## On Petition for Rehearing.

Montgomery, C. J.—Appellant insists, on petition for a rehearing, that our decision holding the Central Trust Company as receiver to be a necessary party to this appeal is erroneous. We have again examined the question, and find no reason to depart from that holding.

It is further urged that, if the trust company was a necessary party as held, it voluntarily appeared and asked to be made a party of record, and for that reason the appeal should be reinstated. The final order or judgment from which the appeal was prosecuted was rendered April 1, 1904, and appellant's motion for a new trial was overruled May 17, 1904. All steps necessary to perfect the appeal should have been taken within one year from the latter date. The Central Trust Company, receiver, a necessary party, was not joined. October 2, 1905, appellee filed his motion to dismiss the appeal on the ground of a defect of parties, and thereupon the trust company filed its appearance and request to be made a party. This was about six months after the expiration of the time allowed in which to perfect the appeal. No order was made by the Appellate Court upon this application, nor was the assignment of errors at any time amended so as to make the trust company a party thereto. The motion to dismiss could not be defeated by an appearance at that time, as after the lapse of the year given in which to appeal the Appellate Court could not acquire jurisdiction of a necessary party, and it made no attempt so to do. *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274; *Lilly* v. *Somerville* (1895), 142 Ind. 298; *Abshire* v. *Williamson* (1898), 149 Ind. 248; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663.

It follows that the motion to dismiss was correctly sustained, and the petition for a rehearing is overruled.