## IN RE GILBERT ET AL.

[No. 24,110. Filed July 2, 1924. Rehearing denied October 17, 1924.]

1. DRAINS.—*Failure to File Remonstrance.—Appeal by Same Party.*—Where an appeal was taken in a drainage proceeding by parties who had failed to file a remonstrance as provided by statute (§6143 Burns' Supp. 1921, Acts 1917 p. 292) the fact that another land owner who was not a party to the appeal did file such a remonstrance was not available to the appellants as a cause for reviewing the judgment against them. p. 279.

2. APPEAL.—*Review.—Rulings Against Others Than Parties to Appeal.*—An appellant can only present for review, on appeal, the ruling against himself to which he reserved exceptions and not rulings against others. p. 279.

3. EXCEPTIONS, BILL OF.—*Time of Filing.*—Where a bill of exceptions was shown to have been presented on February 25, 1922, at the January Term of Court, while the motion for a new trial was shown to have been overruled seventy days before at the September Term when appellants were granted only sixty days to prepare and present the bill, the evidence which it purported to contain was not before the court on appeal. p. 280.

4. DRAINS.—*Length of Drain.—Motion to Dismiss Action.*—In view of the provisions of §6143 Burns' Supp. 1921, §1, Acts 1917 p. 292, the court committed no error in overruling a motion to dismiss drainage proceedings on the ground that the drain as reported exceeded the length described in the petition by more than fifty per cent. p. 280.

From Henry Circuit Court; *John W. Craig*, Judge.

Petition by Josiah C. Gilbert and others for a drain. From a judgment ordering the construction of the drain, Kinsinger and Kinsinger appeal. *Affirmed.*

*Robert S. Hunter*, for appellants.

*Barnard & Barnard* and *Scotten & Hinshaw*, for appellees.

EWBANK, J.—Appellees Gilbert and Gilbert filed a petition for the drainage of certain lands in Henry county, Indiana. After due notice the cause was docketed and drainage commissioners were appointed, who

filed a report establishing the drain and making an assessment of benefits, which after being modified, was confirmed by the court. From a judgment approving this report, confirming the assessments, and ordering the drain constructed, appellants Kinsinger and Kinsinger prosecute this appeal. The assignment of errors is very irregular, if not erroneous, in the matter of naming the parties, but since it has not been challenged by counsel we decide nothing as to its sufficiency in that respect.

As outlined in appellants' brief, the appeal purports to be bottomed wholly upon the propositions (1) that the drain as laid out by the report of the drainage commissioners is more than fifty per cent. longer than the course described in the petition; (2) that if constructed it will not be of public utility, nor benefit a highway nor the public health; and (3) that, as laid out and reported, it will not be sufficient properly to drain the lands affected. Each of these was cause for which a remonstrance could have been filed within ten days, exclusive of Sundays and the day of filing it, after the report of the drainage commissioners was filed, an objection that the report is "not according to law" being sufficient to support a specification that the drain as laid out and reported is longer than was petitioned for. §6143 Burns' Supp. 1921, §1, Acts 1917 p. 292. But appellants did not file a remonstrance on any of such grounds. And the fact that another land owner, who obtained relief with which he was content, and is not a party to this appeal, did file such a remonstrance, 1, 2. is not available to appellants as cause for reversing the judgment against them. An appellant can only present for review, on appeal, the rulings against himself, to which he reserved exceptions, and not rulings against others. Nobody can take advantage of an error committed by the court except the one

against whom it was committed. *Johnson, Admr.,* v. *Johnson* (1901), 156 Ind. 592, 595, 60 N. E. 451; *Acme Bedford Stone Co.* v. *McPhetridge* (1905), 35 Ind. App. 79, 81, 82, 73 N. E. 838; Ewbank's Manual (2d ed.) §143.

Besides, the bill of exceptions which purports to contain the evidence is shown by the judge's certificate to have been presented to and signed by him on February 25, 1922, at the January term of court, while the motion for a new trial is shown to have been overruled seventy days before, at the September term, when appellants were granted only sixty days in which to prepare and present such a bill. Therefore the evidence is not before us for consideration, even if any questions were otherwise sufficiently presented for review. More than six months after the trial court had found against them on the issues tendered by their remonstrance appellants filed a motion to dismiss the action for the alleged reason that the length of the drain as laid out and reported by the commissioners exceeded the length described in the petition in a greater proportion than is permitted by §6142f Burns' Supp. 1921, §2½, Acts 1919 p. 493. As we have seen, this was cause for a remonstrance, on the ground that the report of the commissioners was not according to law, and the statute provides that in case a remonstrance for this cause is filed within the time allowed, and such cause of remonstrance shall be found to be true "the court may direct the commissioners to amend and perfect their report, or the court may in its discretion set aside said report, and refer the matter anew back to said commissioners for a new report." §6143 Burns' Supp. 1921, §1, Acts 1917 p. 292. Even if it sufficiently appeared that the drain as laid out was more than fifty per cent. longer than was petitioned for, that would not be cause for dismissing the action, but only for cor-

recting the report or filing a new report, and no error was committed in overruling the motion to dismiss the proceeding.

The judgment is affirmed.

Gause, J., not participating.