GREEK ORTHODOX CHURCH, ST. TRIAS, ET AL.
. v. ALEXANDER ET AL.

[No. 25,083.    Filed May 24, 1927.    Rehearing denied November
18, 1927.]

1. APPEAL.—*Appeal may be taken from interlocutory order for delivery
of possession of real estate also from an order granting a temporary
injunction.*—Under the provisions of §712 Burns 1926, Acts 1921
p. 741, an appeal may be taken from an interlocutory order for the
delivery of possession of real property and also from the granting
of a temporary injunction.    p. 531.

2. APPEAL.—*Interveners held proper appellants on appeal from order
requiring them to permit plaintiffs to take possession of church prop-
erty and forbidding their pastor from ministering to them in that
church.*—In litigation involving the right of different factions to
church property, interveners were all proper appellants in an appeal
from an order requiring them to permit plaintiffs to take possession
of the church and forbidding their pastor from ministering to them
any further in that church, all in denial of the prayers of their
intervening petitions.    p. 531.

3. APPEAL.—*Failure of some appellants to sign appeal bond does not
warrant dismissal of appeal.*—The failure of some of the appellants
to sign an appeal bond does not warrant the dismissal of the appeal.
p. 531.

4. APPEAL.—An appellant cannot obtain a reversal of a judgment
for errors prejudicial to another who has not appealed.    p. 537.

5. RELIGIOUS SOCIETIES.—*Order directing delivery of church property
to plaintiffs who sued "as representatives" of the church did not award
possession to such persons as individuals.*—An order that receivers,
appointed in an action prosecuted by the plaintiffs on behalf of
a named church, deliver church property in their hands to said
plaintiffs "as representatives" of the church in accordance with the
judgment awarding them such possession, did not amount to an
order to deliver such property to the plaintiffs individually, with
the right to use it as they might desire.    p. 537.

6. APPEAL.—*Correctness of decision in original action not reviewable
in appeal from interlocutory order directing receivers to carry out
judgment.*—Whether the decision in original case was correct cannot
be reviewed on appeal from interlocutory order directing receivers,
appointed by the court in aid of execution, to do what the judgment
expressly commanded should be done.    p. 539.

7. RELIGIOUS SOCIETIES.—*Election of new trustees by a faction of a
church was immaterial on appeal from interlocutory order in aid of ·
judgment awarding possession and control to another faction.*—On
appeal from an interlocutory order directing receivers, appointed
in aid of execution of a judgment awarding possession of church

property to the plaintiffs "as representatives" of the church, to deliver such property to said plaintiffs in accordance with the judgment, the fact that an opposing faction had, in accordance with the by-laws of the church, elected new trustees, who had qualified and, therefore, were entitled to the possession and control of the church property, was immaterial, as the only question before the court related to whether the judgment awarding possession to the plaintiffs had been executed.   p. 539.

8.  RELIGIOUS SOCIETIES.—*Church faction having obtained judgment for possession of the church property entitled to orders for receivers to deliver it to them.*—Where the members of one faction of a church had obtained a judgment awarding them possession of the church property, but before they obtained possession, receivers were appointed and took possession thereof, they were entitled to an order directing the receivers to deliver the property to them regardless of whether they had been put in possession of the church building by the sheriff.   p. 539.

From Marion Superior Court (A 20,951); *Sidney S. Miller*, Judge.

Action by Harry Alexander and others against Pete Brown and others, in which the Greek Orthodox Church, St. Trias and others intervened.   From an interlocutory order directing delivery of the property to the plaintiffs in accordance with a judgment awarding them possession thereof, the church and others appeal.   *Affirmed.*

*Arthur R. Robinson, Frank A. Symmes, Garth B. Melson, Donald LaFuze, Ira M. Holmes* and *Henry M. Dowling,* for appellants.

*Joseph R. Morgan, Ralph K. Kane, Gideon W. Blain* and *Robert Hollowell, Jr.,* for appellees.

ON MOTION TO DISMISS.

PER CURIAM.—Fifty-seven of the appellants and ten of the appellees were among the members of the Greek Orthodox Church, St. Trias, which owned and occupied a church building in the city of Indianapolis.   The church was incorporated, and had an official seal and certain personal property, besides the building used as a place of worship, and employed a pastor who was

satisfactory to part of the church members, including appellants. Ten of the appellees brought an action against seven of the appellants (and perhaps against some other persons not parties to this appeal), asserting that plaintiffs were entitled to the possession and control of the seal and property of the church, and in that action, the trial court appointed appellees Morgan and Lafuse as receivers for all that was so in controversy, after which, the appellants not therein made defendants, being the church corporation and half a hundred of the church members, filed intervening petitions, disputing the right of the plaintiffs to possession and control of the church property. There was a hearing, after which the trial court entered an order, continuing in effect the receivership, and commanding that the possession and control of all the church property in controversy, including the seal, the house of worship, and all the property of the church excepting the money on hand, should be turned over to the ten plaintiffs (appellees). The original defendants were expressly commanded to turn over to the plaintiffs the keys of the church building and the seal, and all other property belonging to the church of which they had possession, and an injunction was entered forbidding any further religious services to be held in the church edifice by the pastor employed by and serving the faction to which the defendants and intervenors (appellants) belonged. Each of the appellants prayed an appeal and an order of court was entered granting these prayers upon the filing of an appeal bond in the penal sum of $500, with Ernest Maholm as surety. On the next day, a proper bond was filed, signed by Ernest Maholm, as surety, and by twenty-eight of the fifty-eight appellants, and all of the fifty-eight appellants, after having severally assigned errors and filed their transcript, applied for and obtained from this court a stay of proceedings pending the appeal. But the church

corporation and twenty-nine of the intervening church members did not sign the bond. All of the original defendants, twenty-one of the intervening church members, and the surety designated by the order of the court, signed the bond, and the record recites that it was filed by "said appealing defendants and petitioners."

This was an interlocutory order for delivery of the possession of real property, and also granting a temporary injunction, from which an appeal lies. §712 Burns 1926, §1, ch. 251, Acts 1921 p. 741.

And as it denied all relief to the intervenors, and required them to permit appellees to take possession of the church they were occupying, and forbade their pastor any further to minister to them in that church, all in denial of the prayers of their intervening petitions, they were all proper parties appellant. *Brooks* v. *Doxey* (1880), 72 Ind. 327; *Voorhees* v. *Indianapolis Car, etc., Co.* (1895), 140 Ind. 220, 225, 39 N. E. 738; *Polk* v. *Johnson* (1906), 167 Ind. 548, 551, 78 N. E. 652; Ewbank's Manual (2d ed.) §142b, p. 304.

The appeal bond being signed by the surety approved by the court and duly filed on behalf of all the appellants, the mere fact that some of them failed to sign the bond is not cause for dismissing their appeals. *Rockey* v. *Hershman* (1923), 193 Ind. 168, 180, 138 N. E. 339, 343.

Appellees' motion to dismiss is overruled.

Sufficient cause being shown by petition, together with the fact that appellants' briefs have been filed some days ago, it is ordered that appellees shall file their briefs on or before April 12, 1926, and that appellants shall file their reply briefs on or before April 23, 1926.

Filed March 12, 1926.

ON THE MERITS.

MYERS, J.—This is an appeal from an interlocutory

order directing that certain real and personal property in possession of receivers be delivered over to appellees in accordance with a judgment awarding them possession of the same.

The errors assigned are, that the court erred: (1) In assuming authority without jurisdiction over the internal, religious and spiritual affairs of appellant, Greek Orthodox Church, St. Trias; (2) in directing the delivery of the real property to appellees as individuals; (3) in failing to limit the possession, management and control of the property by appellee to the purposes of the Greek Orthodox Church, St. Trias, as originally organized and incorporated; (4) in wrongfully assuming jurisdiction over the contract between John Kargakos as priest and the Greek Orthodox Church, St. Trias; (5) in wrongfully attempting to enlarge the authority of the receivers without a proper proceeding for that purpose; (6) in wrongfully attempting to annul the decree of the Morgan Circuit Court by requiring the receivers to discharge the priest, John Kargakos, and enjoining him from officiating in the church; (7) in overruling separate and several motions of appellants for a new trial, for the alleged reasons that the decision is not sustained by sufficient evidence and is contrary to law.

A brief recital of the outstanding facts may serve to a better understanding of the questions presented by the foregoing alleged errors, which we shall attempt to decide without taking the space required to express our views on each of them separately.

On February 23, 1910, appellant, Greek Orthodox Church, St. Trias, of Indianapolis, Indiana, was incorporated under the laws of this state for the purpose, among other things, of promoting religious, social and intellectual welfare of its members, and on December 17, 1919, purchased certain real estate in Indianapolis, which was conveyed to its trustees, and thereon erected a par-

sonage, a double residence, and a church house for the worship of God and the maintenance, propagation and practice of the doctrine, principles, creed, laws, usages, customs and discipline of the Greek Orthodox Church, under the ecclesiastical jurisdiction and direction of the Patriarchate of Constantinople and the Holy Synod of Greece.

On April 23, 1923, appellees herein, in the Superior Court of Marion County, Room 3, commenced a suit "in behalf of themselves and also in behalf of all the members of the Greek Orthodox Church of St. Trias of Indianapolis, Indiana, who may wish to join with them as plaintiffs herein," against Pete Brown, John Kargakos and others, which cause in that court was No. A-20,951 and entitled *"Harry Alexander, et al v. Pete Brown, et al."* The complaint alleged that John Kargakos, lawful priest, and the trustees of the church, at a meeting of the church membership theretofore declared that the church would be free and independent of the Patriarchate of Constantinople and the Bishop, the Ecclesiastical representative of the Patriarchate of the Holy Synod of Greece, and that they would henceforth conduct a free and independent church, and that the priest thereupon began to preach, promulgate and propagate the doctrine that the church was not a part of the head organization; that it was independent, and that the congregation should not recognize the Patriarchate and that the Bishop was not the representative of the Patriarchate, which statements were in violation of the articles of faith, doctrine, and discipline of the church, and, under its rules, for such violations, the priest shall be excommunicated; that a majority of the members of the church indorsed, aided and abetted the unlawful and wrongful statements of the priest against the ecclesiastical authorities, and did not represent the Greek Orthodox Church of St. Trias, and the plaintiffs, members of the church, remained

loyal to the teachings and doctrines of the Patriarchate of Constantinople and the Holy Synod of Greece, and elected trustees who were thus loyal, but the majority elected trustees who refused to permit the minority trustees to officiate as trustees of the church and from exercising control over the church property described in the complaint as belonging to the Greek Orthodox Church of St. Trias, and to the peaceful enjoyment of the same, to which they were entitled. This suit resulted in a final judgment December 16, 1923, "that the plaintiffs as representatives of the Greek Orthodox Church, St. Trinity of Indianapolis, Indiana" should recover possession of the real estate, describing it, and all personal property, characterizing it generally, belonging to the church corporation. There was an appeal to the Appellate Court, which was determined in favor of appellees January 13, 1925, when a petition to transfer to the Supreme Court was denied.

On November 7, 1924, while the church was under lock and key of appellants, the sheriff, pursuant to an execution directing him to place appellees in possession of the real and personal property described in the judgment, padlocked the door of the church, delivered the key to appellees, and made a return showing a failure to find personal property, but that he had "put the within named plaintiffs in possession of the within described real estate," although, as a matter of fact, appellees never did obtain possession of the property or any part of it, as the defendant priest continued to live in the parsonage, and tenants who had leased the double residence from the majority faction (appellants here) continued to occupy it and pay rent to that faction.

On November 8, 1924, defendant John Kargakos obtained from the Marion Superior Court, Room No. 4, a temporary restraining order restraining plaintiffs (appellees here) and each of them from excluding him from

the church and use of the church property. This suit was entitled "No. A-28647, *John Kargakos* v. *Harry Alexander, et al.*" The venue of this cause was changed to the Morgan Circuit Court, wherein, on May 7, 1925, a permanent injunction was granted against these appellees enjoining each of them from breaking the contract of employment between Kargakos and the trustees of the church, and permitting the former to use the paraphernalia connected with the church for religious purposes, and from interfering with him in the performance of his duties as priest.

On June 30, 1925, three applications for the appointment of a receiver for the church property were pending in Room 3, Superior Court, and were consolidated under cause No. A-20951, *supra.* Upon a hearing, the court appointed Joseph R. Morgan and Donald F. LaFuze receivers, and ordered them to take charge of the property and assets of the Greek Orthodox Church, St. Trias, and to hold the same subject to the order of the court.

On September 21, 1925, a petition by and in the name and style of Greek Orthodox Church, St. Trias, was filed, asking the court, Room 3, to discharge the receivers theretofore appointed, for the reason that, in accordance with the by-laws of the church, an election had been held, July 31, 1925, and nine trustees elected, who had qualified as such and were, according to the by-laws, entitled to possession, management and control of the physical property of the corporation until their successors are elected and qualified. On October 14, 1925, certain persons, fifty-seven in all, asserting themselves to be members of the Greek Orthodox Church, St. Trinity, petitioned the court for the discharge of the receivers, and for an order directing them to turn over the property to the trustees elected July 31, 1925, and also, at the same time, a petition asking the retention of John Kargakos as priest, and that he be permitted to

fulfill his contract and render services as priest of the church, and that the petition theretofore filed by Joseph R. Morgan as receiver, asking permission to discharge Kargakos, be denied.

On October 16, 1925, Morgan, as coreceiver, filed an amended petition in cause no A-20951, *supra*, whereby he brought to the attention of the court each and all of the various proceedings, orders, judgments and executions had therein as also in Room 4 and in the Morgan Circuit Court, together with a list of the personal property of the church in the hands of the receivers, and the further recital that more than $800 had been expended by the church in litigation by reason of a controversy in the church membership which "arose from the teachings and services of said Kargakos as set forth in the complaint filed herein, and that said Kargakos is still preaching and holding services in said church," and requested that the receivers be permitted to terminate the further employment and services of Kargakos, and that the property, real and personal, excepting the cash on hand, be turned over by the receivers to the plaintiffs in the original cause of action in accordance with the terms of the judgment therein. On November 23, 1925, the several petitions—by the church corporation, by the coreceiver, Morgan, by the individual appellants as members attending the church—filed were submitted for hearing and the court found against all of the petitioners except Morgan, and, as to the latter, that all of the material allegations of his amended petition were true "and that the employment of the defendant John Kargakos as priest for the said Greek Orthodox Church is executory and should be terminated for the benefit of the trust," and that these appellees were entitled to possession of the property described in the original complaint and judgment, which was then, without right, in the exclusive possession of appellants until the re-

ceivers were appointed. Thereupon, the court ordered the receivers to "terminate the employment of John Kargakos, defendant herein, as priest of said Greek Orthodox Church, St. Trinity of Indianapolis, Indiana," pay his salary to date, and adjudged that he should "vacate said church and to cease to officiate as priest therein, or to perform any religious services or duties as priest immediately.," and that the receivers put appellees in possession of all the church property, real and personal, described in their complaint in the original action, and to turn over to them the keys to the church building.

Whatever there may be unusual and out of the ordinary in this case arises from facts and circumstances which were passed upon in the original action, and finally determined by the judgment therein, or out of the facts and circumstances affecting the rights of John Kargakos as priest, who did not join in this appeal and must be regarded as acquiescing in the order in so far as it affects him. Those who joined in perfecting this appeal in the name of the church corporation and in their individual names, under the rules for taking appeals from an interlocutory order, are the persons who petitioned the court to retain Kargakos as priest, and to have the church property turned back to the faction by whom he was employed and supported.

John Kargakos is not a party to this appeal. Hence, the question of whether or not any of his rights as priest were invaded by the order is not presented, for it

4. is an established rule that an appellant cannot procure a judgment to be reversed because of errors prejudicial to another who has not appealed. *In re Gilbert* (1924), 195 Ind. 278, 144 N. E. 551.

Appellants insist that the order from which they appealed gave the property in question to the appellees individually, with the right to dispose of it or use it for any purpose they may desire. This

5.

contention cannot be sustained. The appointment of the receivers was the means adopted to enforce the court's judgment (*Chicago, etc., R. Co.* v. *St. Clair* [1895], 144 Ind. 371, 42 N. E. 225), and was not questioned. They took possession of the church property subject to the further order of the court appointing them. They were appointed in the action in which appellees had recovered judgment for possession of the property described in their complaint "as the representatives of the Greek Orthodox Church, St. Trinity of Indianapolis, Indiana.". The order from which this appeal was prosecuted merely commanded the receivers to deliver possession of the property to appellees in accordance with the judgment of the court previously determined, and under which appellees will take possession of the property as the representatives and subject to the rules and regulations of the Greek Orthodox Church operating under the Patriarchate of Constantinople and the Holy Synod of Greece as represented by the Bishop of that denomination, and not otherwise.

The complaint in the original action having alleged the doing of certain acts by the priest which were indorsed by the majority membership in violation of the articles of faith, doctrine and discipline of the church and of the ecclesiastical authority, jurisdiction and direction of the Patriarchate of Constantinople and the Holy Synod of Greece, etc., and the court to which that cause was submitted for trial having found that such allegations were true and rendered judgment shown to be in full force and effect at the time the interlocutory order appealed from was made, conclusively eliminates from this appeal any question as to whether there was or was not an unwarranted interference with or attempt to control the internal religious affairs of the church. There was evidence offered to the effect that the original judg-

ment was wrong in some of the particulars adjudicated, but such evidence must be disregarded.

The only questions presented for review by this appeal on behalf of certain members of the congregation and the corporation, so far as controlled by them, is whether or not there was a judgment by which appellants were bound, whether or not that judgment continues in full force and effect, and whether or not it gives appellees the right to take possession of the property which the receivers were ordered to turn over to them.

The decision of the trial court on these three points being fully supported by uncontradicted evidence, the question whether the decision in the original 6. case was correct cannot be reviewed in this appeal, taken from an interlocutory order directing the receivers, appointed in aid of execution, to do what the judgment expressly commanded should be done.

The allegations that a faction of the church, led by the defendants in the original action (appellants), had elected new trustees, presented no issue for considera-7, 8. tion or decision in this proceeding, which related only to whether or not the judgment awarding possession to the plaintiffs (appellees) in the original suit had been executed. The mere statement by the sheriff in making his return to the effect that, in part, he had served the execution by putting the plaintiffs in posesssion of a portion of the property, for the possession of which judgment had been rendered, has no bearing on whether or not that portion and all the rest of such property shall be turned back to appellees after it had been seized through the agency of receivers and held in the custody of the court for many months. If appellees really were in possession of the church, as the sheriff's return indicated, then the receivers who deprived them of that possession were properly directed to restore it; or if appellees had not been put in possession, as the par-

ties stipulated and the court found, and yet were entitled to possession under their judgment, then the receivers were properly directed to turn over the possession to them.

Judgment affirmed.