KACZMARCZYK ET AL. *v.* POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF NORTH AMERICA.

[No. 16,020. Filed February 6, 1939.]

*Anthony A. Filipiak, Riley, Reed, Murphy & McAtee,* and *Joseph J. Waska,* for appellants.

*W. M. Wolanski* and *John L. Herman,* for appellee.

STEVENSON, P. J.—This action was brought by the appellee on certain promissory notes and for foreclosure of a mortgage against the appellant, Maryanna Kaczmarczyk and her husband, Jozef Kacmarczyk.

The original complaint was filed in Lake County on May 23, 1935. To this complaint, appellant Maryanna Kaczmarczyk appeared and on June 13, 1935, filed her plea in abatement alleging that her husband, Jozef Kaczmarczyk, died August 6, 1934. She claimed the protection of the provisions of the statute, sec. 6-1020 Burns' Ind. Statutes, 1933 Rev. (§3138 Baldwin's Ind. St. 1934), which forbids the bringing of a suit to foreclose a mortgage before the end of a year from the death of the mortgagor.

No further proceedings were had until November 15, 1935, when appellee filed what it called an amended com-

plaint to which all appellants were made parties defendant, omitting Jozef Kaczmarczyk. This complaint was a suit on the same promissory notes, signed by Maryanna Kaczmarczyk and her husband Jozef Kaczmarczyk and to foreclose mortgages executed by them on real estate in Lake County. Summonses were issued to all parties and on March 19, 1936, the defendants (appellants) filed a demurrer to the complaint. This demurrer was overruled.

Appellants then filed answers in three paragraphs. After trial by the court, a judgment was entered in favor of the appellee. A motion for new trial was filed and overruled and this appeal was perfected.

The first error assigned is the overruling of the motion for new trial. The record discloses that the motion for new trial was overruled on December 3, 1936, and sixty days were given in which to file all bills of exceptions. The bill of exceptions was not filed with the clerk until March 5, 1937, nor was it presented to the judge for examination or signature until March 18, 1937. Since this bill of exceptions was not presented within the sixty days allowed for filing, and since no extension of time was obtained, the same is not properly in the record. (*In re Gilbert* [1924], 195 Ind. 278, 144 N. E. 551.) Since this assignment deals with the sufficiency of the evidence to support the finding and judgment, and since the evidence is not before us, there is accordingly no error presented to this court in the ruling on the motion for new trial.

The only other error properly assigned is that the court had no jurisdiction of the subject-matter of this action. (*Debs.* v. *Dalton et al.* [1893], 7 Ind. App. 84, 34 N. E. 236; *Lemasters* v. *Williams Coal Co.* [1934], 206 Ind. 369, 189 N. E. 414.)

The appellants contend that since the original suit to foreclose the mortgage was filed on May 23, 1935, less

than one year from the date of the death of Jozef Kacz-marczyk, that the court had no jurisdiction of the subject-matter of this action and hence the judgment entered upon the amended complaint is void. The appellants cite *Lovering et al.* v. *King et al.* (1884), 97 Ind. 130, in support of their contention. This case discusses the status of actions to foreclose mortgages filed within one year from the death of the mortgagor under the statute above cited. The rule governing such cases is announced as follows (p. 133) : "Where such a mortgage is shown by the complaint, and the complaint also shows that such time has not elapsed, there is no cause of action. The law declares that such suits shall not exist, or, in other words, that there shall be no cause of action. A demurrer to such a complaint for want of facts sufficient ought to be sustained."

The record discloses, however, that after this matter was called to the attention of the appellee, by plea in abatement filed June 13, 1935, that no further proceedings were had until November 15, 1935, when the appellee filed what it denominated an amended complaint. New parties were named as defendants and new summonses were issued to all parties appellants herein. The appellants contend that this action is also a nullity for the reason that the original proceeding could not be maintained.

While the statute forbids a suit to foreclose a mortgage within a period of one year following the death of the mortgagor, it does not follow that such a suit can not be filed and maintained after the expiration of one year. As was said by the Appellate Court in the case of *White et al.* v. *Suggs et al.* (1914), 56 Ind. App. 572, 579, 104 N. E. 55: "The necessary inference both from the language quoted and that which follows, is that such a suit may be brought after the

year and hence that *'there is cause of action' after the year*, when so brought, . . ."

The appellee, by his complaint filed November 15, 1935, named appellants as parties defendant and had summonses issued and served on them. They appeared in response to this summons, filed a demurrer, and, upon its being overruled, filed an answer in three paragraphs. In none of these answers did they challenge the jurisdiction of the court. The fact that the appellee called its complaint, filed on November 15, 1935, an amended complaint instead of an original action is of no consequence. The appellee had a cause of action on November 15, 1935, which it was entitled to enforce under the law. Its complaint was sufficient and the fact that it was filed under the original cause number does not invalidate it. As was said by our Supreme Court in *Farrington* v. *Hawkins* (1865), 24 Ind. 253, 254: "Our practice deals with facts stated in the plea; if those facts give a cause of action it is sufficient, though the pleading may be, as in this case, inaptly named."

In the case of *Martin et al.* v. *Noble* (1867), 29 Ind. 216, a complaint was filed to foreclose a mortgage against a husband and wife and summons was issued. Summons was served upon the wife and returned "not found" as to the husband. Two years later the plaintiff filed a substituted complaint, making other parties also defendants and showing the death of the husband after the commencement of the suit. It was claimed that it was error to proceed upon the supplemental complaint against the wife without summoning her to answer and the court so held. But in the case at bar, the appellee filed as additional complaint and new summonses were issued. It is our opinion that this was proper practice. Failure to dismiss the suit filed on May 23, 1935, does not operate to deprive the court of jurisdiction in the

matters embodied in the complaint filed November 15, 1935.

Finding no error in the proceedings of the lower court, the judgment is affirmed.